MASON *against* CODWISE and others.

A creditor who comes in under the general decree for creditors to come in and prove their debts before the master, is permitted to do so, on contributing to the plaintiff his proportion of the expenses of the suit; and is entitled to have his necessary costs of proving his debt taxed on the fund; but where he does not prove in season, he must pay his own costs; but where the principal part of the expense of proving the debt arises from the opposition of the original parties to the suit, he will not be ordered to bear the whole expense; as where the greater part of the expense was the master's bill, caused by the unreasonable opposition made to the proof by the other parties, that expense was directed to be paid out of the fund, under the special circumstances of the case.

THE master, who, under the decretal order in this case, *September 3d.* (*vide ante,* p. 183, **S. C.**) had proceeded to liquidate the amount of charges and costs against the estate of the testator, to be deducted from the fund under the control of the Court, prior to an apportionment among the creditors, reported, that in liquidating such costs and charges, a question had been raised on behalf of the representatives of *Samuel Nicholl,* who had obtained a report of a debt due to them in this cause, touching a portion of the costs accrued on proving their debt. By the order of the 1st of *July* last, they were not allowed their costs of proving their debt out of the assets in Court. The master's costs upon the reference of the claims of the representatives of *Nicholl,* amounted to 271 dollars, 21 cents; and it was contended on their behalf, that this sum was properly chargeable as costs, against the fund of the estate; and on behalf of the plaintiff, that the master's bill formed part of the costs of proving the claim, and was chargeable against the proportion of the fund coming to such repre-

VOL. VI. 38

sentatives, and that the case was within the meaning and reason of the order of the 1st of *July* last.

The master prayed the direction of the Court upon the point, and added further, that the plaintiff's costs of this suit had been directed to be paid out of the fund, and that the master's costs in taking the account of the claims of all the creditors who came in and proved their debts before him, under the *original order*, as well as his general account against the executors, had been paid out of the fund. The representatives of *Nicholl*, as well as *Isaac Blauvelt*, another creditor, came in under *special orders*, allowing them to prove, after the master had reported under the general order.

THE CHANCELLOR. When the order of the 1st of *July* was made, it was upon the special circumstances of the case, though it was then understood to be the *English* rule, in ordinary cases, to make the creditor, who is not a *party* to the suit, and who comes in to prove his debt before the master, prove it at his own expense. The case of *Abell* v. *Screech*, (10 *Vesey*, 355.) is certainly not a strong case on the point. The motion to allow the creditor, who proved before the master, his costs out of the fund, was simply denied; and, at first, Lord *Eldon* thought the claim reasonable, but, afterwards, when he came to be assisted by the Master of the Rolls, " the inclination of his opinion was, that it is too dangerous." The Master of the Rolls barely said, that the creditor's costs were not allowed *of course;* and they both seemed to agree, that it would be very difficult, as to the allowance or disallowance of such costs out of the fund, to distinguish between the cases where much and where little expense had been incurred.

There were two cases cited in *Abell* v. *Screech,* one in 1776, and one in 1804, where the costs of the creditors had been taxed and allowed against the fund; but these

cases had passed rather *sub silentio*, and were not regarded as precedents. The Lord Chancellor considered the motion for costs, in that case, as " of great consequence and much novelty." To me it appears that there is much weight in the argument in favour of the motion ; for a creditor may be put to an expense, in proving his debt, greater than the amount of his debt; and, in consequence of the decree, he cannot assert his claim elsewhere, but must come in before the master. This was the doctrine in *Thompson* v. *Brown*, (4 *Johns. Ch. Rep.* 619.) In this present case, it has been suggested that a great portion of the costs of the master, accruing upon the adjustment of the *Nicholl* claim, arose from the proof of the discharges of the estate of the testator against that claim. If the creditor is to bear his own costs of proving his claim before the master, it would be very difficult, I admit, to discriminate between the costs of the master who investigates the claim, and of the solicitor who prosecutes it. And yet, if the principal expense arose by the unfounded or vexatious resistance to the items of the claim, it would be unreasonable that the creditor should bear the expense exclusively.

I regret that I have not found the rule to be better settled than it appears to be by the case referred to. If the creditors come in under the general order in these cases, and which is given in *Thompson* v. *Brown*, they are to be equally contributory to the costs of the suit, and ought to have their costs equally borne out of the fund. They stand upon the same title, as to costs, with the original plaintiff, and in this case the costs of all the creditors, who come in under the general order, have been allowed and charged to the fund. The representatives of *Nicholl* were denied their costs by the order of the 1st of *July*, in consequence of coming too late, and not being bound to contribute ; and if there was nothing more in the case than to determine whether the master's bill, as well as the solici-

1822.

MASON
v.
CODWISE.

tor's bill, or that of any other officer of the Court, was not properly a part of *the costs* on proving the debt, I should not hesitate much in declaring it to be part of the creditor's costs, and to be borne by him.    But it was a fact admitted in the statement, upon which the order of the 1st of *July* was founded, that the *Nicholl* claim led to various hearings before the master, and that at those meetings the solicitors for the plaintiff and for the defendants, united to oppose, and attempted to limit the claim to 706 dollars, and that, " after a long controversy," the master had reported 3500 dollars to be due to the representatives of *Nicholl*.    These facts show, that the master's costs on that reference were produced as much, at least, if not much more, by the acts of the original parties to the suit, than by the naked proof of the *Nicholl* debt; and under all the circumstances of the case, I think it most equitable and just that the master's bill be borne by the fund.    It has already been paid out of the fund, under an order of the 1st of *December*, 1819, taken of course, but with a reservation of all rights and claims, and without prejudice to any. Under the special circumstances, I think the order of the 1st of *July* went quite far enough, and if the master's bill is not strictly within that order, I am not disposed to extend the order so as to embrace it.    If the master's bill be paid out of the fund, and the residue of the creditor's costs be borne by himself, it will be doing justice in this case, and leave the burden of the litigation before the master to fall upon all the parties concerned in it, and the residue of the costs to fall upon the creditor who was so tardy in presenting his claim, and who came in without the risk of contribution to the general costs of the suit.

I wish it to be understood, that this case is decided upon the facts peculiar to it, and not upon a general and settled rule.    It appears to me, that if the creditor is admitted to prove his debt before the master, under the general rule, he comes in under the condition of contributing to the costs

of the suit, and that this question cannot ordinarily arise; for if he proves his debt, and creates, on his part, no unreasonable expense, he ought to have his costs borne by the fund. And when he comes in, as in this case, *subsequently*, and not upon the usual terms, he ought to bear his own expense, unless it be very much enhanced by an unfounded opposition to it, and then the case may entitle him to relief.

I shall, therefore, in this case, direct that the master's bill be charged to the general fund.

The following order was entered:

" It is declared, that when a creditor comes in under the general decree for the creditors to come in and prove their debts before the master, he is admitted upon the condition of being contributory to the plaintiff for his proportion of the expense of the suit, to be settled by the master, and he has an equal title with the plaintiff to have the necessary costs of proving his debt taxed and charged upon the fund, and especially, as he may be prohibited from asserting his claim at law; and that where the creditor does not prove in season, and is admitted, afterwards, to prove, under a special reference for his case, and without such condition, he ought, ordinarily, to bear his own costs; and this was the special ground of the order in this cause, denying to the representatives of *Nicholl* their costs out of the fund. And it is further declared, that where the principal part of the expense of such creditor arises from the unsuccessful opposition of the original parties to the suit, to much of his claim, (and that fact appeared in this case from the statement of facts signed by the solicitor for the plaintiff, and by the solicitor for the representatives of *Nicholl*, and submitted when the former order was made,) he ought not to bear the whole expense of the litigation before the master. It is, thereupon, ordered, for the direction of the master, that the order aforesaid, of the 1st of *July* last, be confined to the fees of the solicitor of the repre-

sentatives of *Nicholl,* and other costs particularly incurred by them, and not extended to the master's bill, which ought, under the special circumstances, and upon those special circumstances only, to be charged against the fund in Court, out of which it has already been paid, and that the master so charge the same."