CHICK et al. v. NORTHWESTERN SHOE CO. et al.

(Circuit Court, N. D. Illinois. February 13, 1895.)

1. CREDITORS' BILL—CONTRIBUTION TO EXPENSES—ORDER.

A creditor of a corporation filed a bill, in behalf of himself and other creditors who would come in and contribute to the expense of the litigation, to recover property fraudulently transferred by the corporation and to enforce the statutory liability of directors. Under an order requiring creditors, who desired to come in, to prove their claims, certain creditors, including defendants to the suit, who claimed preference by reason of the trust deeds given by the corporation, which the bill sought to set aside as unlawful, proved their claims. *Held* that, there being no funds to discharge the expense of the litigation, unless recovery was had in the suit, an order requiring all parties who had proved their claims to contribute to the expenses necessary to carry on the suit, failing in which their claims so proved should be stricken and not permitted to share in any recovery, was proper.

In Equity.

Bulkley, Gray & Moore, W. J. Manning, and J. W. Bramwood, for complainants.

Chas. H. Aldrich, Frank F. Reed, William Lathrop, Chas. E. Fuller, and S. James, for defendants.

JENKINS, Circuit Judge. The complainants, as judgment creditors of the corporation, principal defendant, filed their bill, in behalf of themselves and all other bona fide creditors of the defendant the Northwestern Shoe Company, similarly situated, who will come in and be made parties complainant and share the expenses of the suit,

to recover from the defendants, other than the judgment debtor, upon several grounds stated at large in the bill of complaint. A receiver was duly appointed of the Northwestern Shoe Company, but he has as yet been unable to obtain funds wherewith to discharge the expense of the litigation against the parties of whom recovery is sought. On the 5th day of January, 1894, an order was entered requiring all creditors of the Northwestern Shoe Company who desired to come in under the provisions of the bill to prove their claim before the master within 60 days from that date. Under that direction claims to the amount of $95,850.20 have been proven, of which amount the First National Bank of Belvidere has proven an indebtedness of $15,907, and the Second National Bank of Belvidere has proven an indebtedness of $40,601.07. These banks are defendants to the suit, claiming preference by reason of certain trust deeds given by the shoe company, which the bill seeks to set aside as unlawful. The complainant now moves, upon a showing of necessity to raise a fund to pay the expenses of the litigation, for an order requiring all parties who have so proved their claims to pay an assessment of 5 per cent. upon the amount of their claims, respectively, less such sums as they may already have paid on account of the costs mentioned, and that, failing such payment, the claims so proven shall be stricken out and not permitted to share in the proceeds of the litigation.

In several respects the bill is an ordinary creditors' bill, seeking to recover property alleged to be fraudulently transferred by the judgment debtor. In other respects it is a bill to enforce a statutory liability of directors. Thus it is sought to make them liable under sections 16 and 19 of chapter 32, 1 Starr & C. Ann. St., entitled "Corporations." Whatever may be the nature of the several claims in the bill upon which recovery is sought, the proceeds of the litigation by the express condition of the bill are subjected to the payment of all debts due to creditors who may choose to come in under the bill and contribute to the expense of the litigation. Ordinarily the provision by final decree, reimbursing the complainant for all legitimate outlay in the prosecution of a suit by which a fund is impounded for distribution among all creditors, will afford ample protection to the complainant. It appears here, however, that there is no fund out of which the disbursements already incurred can be paid. They amount to a considerable sum. The litigation has been protracted and laborious. The only hope of realizing any fund for the payment of creditors rests in the expectation of a recovery against the directors and the banks named, and some others charged with improperly obtaining the assets of the company. Without assessment, if the complainants fail to recover, they will be obliged to bear the entire expense of the litigation. If they should recover, and a sufficient sum should be realized, they will then first be compensated for their expenditure. So that the position of the creditors opposing this motion is this: that they will remain mere lookers-on of this litigation, participating in its avails, if the complainants shall prove successful, and not sharing in its expense if the complainants shall meet with defeat. This is clearly an inequitable position to assume, and ought not to be permitted if it be competent for equity to afford a remedy. Such an order as is now asked

for is unusual, but not therefore necessarily improper. Mr. Daniell, in his work on Chancery Pleadings and Practice (volume 2, p. 1214, 6th Am. Ed.), remarks:

"It may be mentioned here that under the former practice, where suits were instituted by creditors, or next of kin, or other persons of a class, on behalf of themselves and others of the same class, it was usual for the decree to direct that persons coming in to prove their debts or to establish their claims should contribute to the expense of the suit. * * * It seems that in practice the direction for contribution was seldom, if ever, acted upon. The direction as to contribution is now omitted from the decree."

The decree here referred to, I take it, was not a final decree in the suit, but the interlocutory decree or order providing for the intervention of creditors. The reason that the direction for contribution is now seldom acted upon is said by Lord Eldon to be, so far as relates to creditors, this:

"As the fund brought into court in a creditors' suit is, in part at least, the fund of all the creditors, and as the taxed costs are paid among those who are entitled to it, the plaintiffs and their solicitor receive, in effect, the contribution to which the form of the suit and of the decree gives them a right, without going through a formal process for that purpose." Lechmere v. Brazier, 1 Russ. 80.

This declaration would seem to establish that the reason for nondirection for contribution is because it is seldom necessary, as the fund impounded for the benefit of creditors is first subjected to the expense of the suit. This case, however, would seem to be of the exceptional class where resort to the practice is rendered necessary to prevent manifest injustice; for here there is no fund from which the expenses can be paid, and whether such a fund will ever exist is contingent upon a recovery in the suit. The general principle that a creditor, who comes in under the general decree for creditors to come in and prove their debts before the master, is permitted to do so upon the condition of being contributory to the plaintiff for his proportion of the expenses of the suit, was recognized by Chancellor Kent as a well-established principle in Mason v. Codwise, 6 Johns. Ch. 297. The rule is in accord with the plainest principles of equity.

It is claimed that the defendants opposing this petition ought not to be compelled to contribute to aid a prosecution against themselves. This does seem incongruous, but the incongruity arises from their own acts in seeking to share in the proceeds which may be obtained from them upon proof of the alleged illegal acts with which they are charged. Their debts aggregate nearly two-thirds of the entire indebtedness. In the event of a recovery, they would upon distribution receive a like share of the fund. If they choose to come in as creditors under the order allowing proof of their claims, and become practically, as they do, parties complainant to the litigation, they must share its burdens if they would participate in its gains.

I am of opinion that the prayer of the petition should be granted.