EDWARD ABEND, Admr.

*v.*

ENDOWMENT FUND COM. OF MCKENDREE COLLEGE *et al.*

*Opinion filed June 23, 1898.*

1. TRUSTS—*trustees with active duties take the legal title.* A gift of property to executors, to be held in trust for the insane son of the testatrix, with power to collect income and pay expenses of the son at an asylum, the property to go to the son if he regained his reason or to others if he died insane, passes the legal title to the trustees, and upon the son dying insane his administrator is not entitled to the property.

2. SAME—*when trust is within statute of charitable uses.* A gift of remainder "to the Commissioners of the Endowment Fund of McKendree College, to be by said commissioners and their successors held in trust forever for the use of said college," is a gift to the college and within the statute of charitable uses, said commission being a mere agency authorized to receive gifts for the college, which is an incorporated institution empowered to create such agency and receive such gifts.

3. PERPETUITIES—*perpetual trust for charity not within rule against perpetuities.* A perpetual trust for a charitable use is not condemned by the law against perpetuities, and does not create a perpetuity.

4. SOLICITORS' FEES—*trust fund must bear expenses incurred to preserve it.* A trust fund may be made to bear expense of solicitor's fee for services rendered to preserve such fund to its proper use.

5. SAME—*objection questioning amount allowed should be made in briefs.* Where, on appeal to the Appellate Court, the appellant confines

his objections and argument in his brief to the question of his adversary's right to an allowance for a solicitor's fee, that court is not required to raise the question, of its own motion, whether the trial court acted upon sufficient evidence, but may decide the question of right, assuming the amount to be satisfactory.

6. APPEALS AND ERRORS—*errors not argued in Appellate Court are waived.* Assigned errors covering supposed erroneous rulings of the trial court, which are not argued in the Appellate Court nor called to that court's attention, are deemed waived, and cannot be revived and considered in the Supreme Court.

*Abend* v. *Endowment Fund Com.* 74 Ill. App. 654, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

WILBUR N. HORNER, for appellant:

Equitable estates are governed by the same rules as legal estates, otherwise inextricable confusion would ensue.   Perry on Trusts, par. 357.

A limitation in trust, perfected and declared by the settlor, shall have the same construction as in the case of an executed legal estate.   Perry on Trusts, par. 357.

If the intention of the testator conflicts with any of the rules of law the intention must give way.   *Rountree* v. *Talbot,* 89 Ill. 246.

Conditions that are repugnant to the estate to which they are annexed are absolutely void.   *Friedman* v. *Steiner,* 107 Ill. 130.

Where a limitation over is void the first taker gets all.   *Howe* v. *Hodge,* 152 Ill. 253.

A will becomes effective at the death of the testator. *Coulson* v. *Alpaugh,* 163 Ill. 304.

An allowance of a solicitor's fee cannot be sustained where no evidence showing what services the solicitor performed, or the value thereof, is preserved in the record.   *Metheny* v. *Bohn,* 164 Ill. 495.

An exception in favor of a gift to charity.   *Hunt* v. *Fowler,* 121 Ill. 269; *Heuser* v. *Harris,* 42 id. 425.

174—7

An unincorporated society or association cannot be a devisee or legatee under a will. Beach on Wills, 128; *Kain* v. *Gibbons*, 101 U. S. 362.

An association for the purpose of mutual benevolence among its members only, is not an association for charitable uses. *Babb* v. *Reed*, 5 Rawle, 151; *Beaumont* v. *Meredith*, 2 V. & B. 180.

A trust to establish a school which is not free, but the benefits of which are confined to particular individuals named in the will, is not a charitable trust and will not be regulated by the court. Perry on Trusts, par. 710; *Blandford* v. *Fackerrell*, 4 Brock. 394; *Attorney General* v. *Hewer*, 2 Vern. 387.

A devise to a corporation to distribute rents among twenty-four persons named, as they may need assistance, is not charitable, but gives a vested right to each of the *cestuis que trust* to seek redress in equity. Perry on Trusts, par. 710; *Liley* v. *Hey*, 1 Hare, 580; *Philadelphia* v. *Fox*, 64 Pa. St. 170.

To create a charity there must be a public benefit open to an indefinite number. Perry on Trusts, pars. 697, 699, 710.

If the beneficiaries be definitely pointed out or clearly ascertainable the charity is not public. *Old South Society* v. *Crocker*, 119 Mass. 1; *Parker* v. *May*, 5 Cush. 336.

Courts of chancery cannot see to the execution of a private charity, as, a gift to found a private museum. *Ommaney* v. *Butcher*, T. & R. 260; *Nash* v. *Morley*, 5 Beav. 177.

A devise to a college, not for academical or collegiate purposes, is not a charity. *Attorney General* v. *Whorwood*, 1 Ves. Sr. 534.

Indefiniteness in the number of the beneficiaries, and the absence of a certain *cestui que trust* in whom is the equitable title, are characteristic of a charity. *Fountain* v. *Ravenal*, 17 How. 369; *Saltonstall* v. *Sanders*, 11 Allen, 446; Kent's Com. (12th ed.) 288, note *a;* Jarman on Wills, (5th Am. from 4th London ed.) 379.

HAMILL & BORDERS, and R. W. ROPIEQUET, for appellees:

Where the trustees are to collect the income and pay over the same, or perform any active duty, they take the title. *Wells* v. *Richardson,* 3 Md. 505; *Fays* v. *Taft,* 12 Cush. 448; 3 Jarman on Wills, 56.

In case of a charitable bequest to an institution of learning, it is immaterial how vague, indefinite and uncertain the objects of the testator's bounty may be, provided there is a discretionary power vested in some one over its application to those objects. *Hunt* v. *Fowler,* 121 Ill. 277; *Missionary Society's Appeal,* 30 Pa. St. 435; Perry on Trusts, sec. 732.

Provisions in a will which contain a charitable bequest will receive a more liberal construction than is allowable in case of a gift to individuals. *Ingraham* v. *Ingraham,* 169 Ill. 432.

The judgment of the Appellate Court cannot be impeached for failure to sustain an error which was not assigned in that court. *Hansen* v. *Miller,* 135 Ill. 538.

The amount to be allowed for solicitor's fees is so far in the discretion of the chancellor, that in the absence of proof of the abuse of such discretion this court will not interfere. *Ingraham* v. *Ingraham,* 169 Ill. 432.

Gifts to institutions devoted solely to the advancement of learning are within the meaning of the statutes relating to charitable uses. Beach on Wills, sec. 138; Pomeroy's Eq. Jur. sec. 1023; Fetter's Eq. 188; *Crerar* v. *Williams,* 145 Ill. 643; *Andrews* v. *Andrews,* 110 id. 223; Gray on Perpetuities, sec. 590; *Female Academy* v. *Sullivan,* 116 Ill. 378; *Jones* v. *Habersham,* 107 U. S. 174; *Vidal* v. *Girard,* 2 How. 127.

Gifts to charity are not subject to the rule against perpetuities. *Hunt* v. *Fowler,* 121 Ill. 267; *Heuser* v. *Harris,* 42 id. 425; *Andrews* v. *Andrews,* 110 id. 223; *Ingraham* v. *Ingraham,* 169 id. 432.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the Fourth District, affirming a decree rendered in the cause by the circuit court of St. Clair county. The opinion of the Appellate Court by CREIGHTON, P. J., is as follows:

"This was a bill of interpleader, filed in the circuit court of St. Clair county by Lucius D. Turner, trustee, against Edward Abend, administrator of the estate of James H. Riggin, deceased, the McKendree College and the Endowment Fund Commission of McKendree College, a corporation. Edward Abend, administrator of the estate of James H. Riggin, deceased, brings the case to this court by appeal.

"The statement of the case in appellant's brief, so far as is material to any issue raised upon the record before us, is sufficiently full and accurate, and is as follows:

"'On the 23d day of November, A. D. 1868, Elizabeth M. Riggin, then residing in Lebanon, St. Clair county, Illinois, made her will and testament. On the 9th day of December, 1868, and on the 19th day of October, 1870, and on the 11th day of August, 1873, she added codicils, which are, however, of no importance in so far as modifying or changing article 6 of the first will, and which article 6 forms the bone of contention in this suit. It is provided in article 6 as follows:

"'*Sixth*—I give and bequeath to my said executors and trustees, in the trust for my son, James H. Riggin, now unfortunately an inmate of the Illinois State Hospital for the Insane at Jacksonville, the sum of ten thousand dollars ($10,000) in United States bonds, to be by them, as trustees, held for the sole use and benefit of my said son James during his lifetime; and I direct that the annual interest, and a portion of the principal, if needed, shall be used to pay his quarterly bills at the above named hospital, or some other good hospital, asylum or retreat

for the insane; and if said amount of interest shall be more than sufficient to pay such bills, then I direct that the balance shall be, at the end of each year, added to the principal; and in case my said son James shall recover from his unfortunate condition and become of sound mind, I direct that the above named sum, so increased or diminished, as the case may be, shall be by the above named trustees paid over to the said James, and in case my said son, James H., shall never recover the use of his reason, then I direct that the said trustees shall, at his death, pay over the above named sum, so increased or diminished, to the Commissioners of the Endowment Fund of McKendree College, to be by the said commissioners and their successors in office held in trust forever for the use of the said college, according to the rules and regulations of said endowment fund.'

" 'The Commissioners of the Endowment Fund referred to seem at one time to have been a committee of individuals appointed annually by the trustees of McKendree College. The committee, at the time the will was executed, consisted of Henry Brown, W. N. Black and G. A. Seaman. In 1875 W. N. Black resigned and Luther Brown took his place. Luther Brown is now dead, and Henry Brown and G. A. Seaman ceased to be members of the committee October 30, 1877. In 1893 a corporation was organized, naming itself 'The Endowment Fund Commissioners.' In 1894 this name was changed to 'The Endowment Fund Commission.' This Endowment Fund Commission, as a corporation, claim the absolute title to this fund. The rules and regulations of said endowment fund, mentioned in the sixth clause of the will, were certain rules and regulations adopted in 1859 and continuing in force, which controlled and regulated all gifts and donations to the endowment fund. It was provided among the rules that the commissioners should receive all notes, bonds, obligations, securities, moneys or other properties, real or personal, coming to the said college, for the

purpose of endowment, by donation, bequest or otherwise. Article 3 provided that on receiving moneys or other valid titles to other property, real or personal, said commissioners shall issue to the donors a certificate of the property received, and setting forth therein their right to recover under the law in case of a diversion of the funds from the objects specified. Article 4 provides that said fund shall be kept inviolate. The principal shall never be used, the interest thereon only to be paid to the board of instruction in said college. Article 5 provides that no part of said fund shall be loaned to McKendree College. Article 6 provides that the interest accruing annually or semi-annually from said fund shall be promptly paid, when collected by the commissioners, to the incumbent board of instruction *pro rata,* according to their respective salaries, but only upon orders duly issued by the auditor and countersigned by the treasurer. A schedule of the officers and salaries shall be furnished to them by the executive committee.

" 'These are, in substance, the rules and regulations mentioned in the will. This will was duly probated on the 27th day of July, A. D. 1875, in the probate court of St. Clair county, Illinois. On the 27th day of July, 1881, the executors made their final settlement, and retained to themselves, as trustees, the James H. Riggin legacy, it having been reduced in various ways, so that at this last date it amounted to $8962.

" 'Luther Brown, one of the executor trustees, having died, and Robert Allyn, the other executor trustee, desiring to resign, the circuit court of St. Clair county, Illinois, on the second day of October, 1893, appointed Henry Seiter trustee for the legacy, and he received the sum of $14,394.88. On January 14, 1895, Seiter resigned as trustee, and Lucius D. Turner was appointed trustee, and received as trustee from Seiter the sum of $14,025.59.

" 'On the 29th day of September, 1895, James H. Riggin died an inmate of the Southern Illinois Insane Hospital.

On October 2, 1895, Lucius D. Turner paid $163.70 funeral expenses.   On the 19th day of December, 1895, Lucius D. Turner files his bill of interpleader, and offers to bring into court the sum of $14,025.59, and interest thereon from January 14, 1895, less the sum of $163.70 paid for funeral expenses.   Edward Abend, as administrator of the estate of James H. Riggin, deceased, was made a party defendant to the bill of interpleader.   The Endowment Fund Commission (a corporation) was made the other defendant.   Edward Abend, as administrator, answered, and filed a cross-bill claiming this fund as intestate estate of James H. Riggin, deceased.   The Endowment Fund Commission answered, and claimed the absolute fee simple title to this fund by virtue of being the remainder-man under the sixth clause of the will.   After the hearing, McKendree College entered an appearance and joined in the answer of the Endowment Fund Commission.

" 'The trial court gave a decree on the 8th day of June, 1897, and found that Elizabeth Riggin, in July, 1875, died in St. Clair county, Illinois, testate, and left a will, set forth in the pleadings.   The court found that the McKendree College was incorporated by a special act of the General Assembly of Illinois, January 26, 1839; that the purpose of the corporation was the education of young men to engage in several employments and professions of society, etc.   The court found that on the 5th day of July, 1859, the board of trustees of McKendree College created the Board of Commissioners of the Endowment Fund of said college, and July 6, 1859, duly elected Gov. A. C. French, William Nichols and Hezekiah McCoy to be such commissioners, and on July 13, 1859, said board of trustees of the college adopted a code of by-laws for the direction and government of the commissioners.   The decree sets out the by-laws as set forth in the pleadings. The court further finds that the said by-laws have been in force from their adoption until the present time, and that the Commissioners of the Endowment Fund was and

is a mere committee of arrangement created by the trustees of said college; that the Commissioners of said Endowment Fund have been duly appointed yearly since 1859, and that the present commissioners are J. M. Chamberlain, E. W. Morris and T. A. Wilson; that James H. Riggin died September 29, 1895, in the Southern Hospital for the Insane at Anna, Illinois, without having recovered his reason; that complainant Turner is trustee of the fund, and that at the time of the death of Riggin the fund amounted to $14,025.59; that Turner necessarily expended the sum of $163.70, which leaves in Turner's hands $13,865.89, which he brought into court and is ready to turn over. The court further finds that the fund is claimed by Edward Abend as administrator of the estate of James H. Riggin, deceased, and by the Commissioners of the Endowment Fund of the McKendree College, and by the said college, and that the gift by the said will mentioned in paragraph 6 of said will is a gift to the said college. It was then ordered, adjudged and decreed, that upon the said John M. Chamberlain, Alexander W. Morris and T. A. Wilson, as Endowment Fund Commissioners of the McKendree College, executing a bond in the penal sum of $40,000, payable to the People of the State of Illinois, for the use of all persons who may now be or may hereafter become interested in the said fund accruing by and under the sixth paragraph of the said will, conditioned that the said Chamberlain, Morris and Wilson, as Commissioners of the said Endowment Fund, shall faithfully discharge and execute all their duties in regard to the trust committed to them according to the terms of the gift in the said will of the said Elizabeth M. Riggin, deceased, and of the said by-laws for the direction and government of the said board of commissioners, and the security to be approved by the court, and upon their making and delivering to the complainant, Turner, a certificate of the said fund, setting forth therein the right of complainant and all persons who may become entitled to the said fund,

under the law, in case the said fund shall be diverted from the objects specified in the said will and the said by-laws hereinbefore set out, then the said Turner, as trustee, to pay over to the said Chamberlain, Morris and Wilson, as such Endowment Fund Commissioners of the said McKendree College, for the use of said college, the said sum of $13,865.89, less the costs of this suit, including reasonable solicitors' fees, which are hereby ordered to be paid by said complainant out of said fund to the solicitors of the complainant and to the solicitors of the said commissioners and said college; and thereupon the court hears evidence as to the amount of said solicitors' fees, and upon such hearing, and by consent of all parties, fixes the sum to be paid the solicitor of the complainant at the sum of $250, and upon the hearing of said evidence fixes the sum to be paid to the solicitors of said commissioners and said college at the sum of $500, which sum the court orders to be taxed as costs in this suit. From this decree Edward Abend, administrator, etc., has appealed.'

"Counsel for appellant contends that James H. Riggin took, by the sixth clause of the will, 'a fee simple absolute estate in the said fund,' and that it was error not to decree that appellant, the administrator, was entitled to receive it. The clause reads, 'I give and bequeath to my executors, as trustees, in trust,' etc. The trustees took the legal title from the trust imposed,—an active and express trust. The contingency upon which James H. Riggin was to receive the fund did not happen, and he never had any estate therein.

"It is further urged as a reason why the fund should have been decreed to appellant, as administrator, 'that the testatrix endeavored in the sixth clause to create a precatory trust coupled with a power, and the same fails for want of certainty both in the object and subject matter of the said trust.' The sixth clause contains no precatory words, neither does the scheme of that clause, or of the will as a whole, evidence such 'endeavor.'

"It is also contended that the parties to whom the fund is decreed are not legally competent to take, and that decreeing the fund to the said commissioners creates a perpetuity, contrary to law. The Endowment Fund Commission of McKendree College is a mere agency of the college for the purpose of holding and managing all funds given or raised for the purpose of endowing the college. The power to acquire such funds, and the power to create such agency for the holding and management of the same, are conferred by the act incorporating the college. The gift is, by its terms, 'to the Commissioners of the Endowment Fund of the McKendree College, to be by the said commissioners and their successors in office held in trust forever for the use of said college,' and is therefore a gift to the college,—an institution devoted solely to the advancement of learning,—and clearly within the meaning of the statute in relation to charitable uses. A perpetual trust for a charitable use is not condemned by the law against perpetuities—does not create a perpetuity contrary to law; and the Endowment Fund Commissioners, to whom the fund is decreed, are legally competent to take and hold the same for the use of said college, as decreed.

"Appellant claims that the amount of the fund, as decreed, is not correct. The only evidence we find in the record concerning the amount is a stipulation by all the parties to the case, in substance, that on the 14th day of January, 1895, Lucius D. Turner, the trustee and complainant, received from his predecessor trustee, securities amounting to $14,025.59, and that he paid out for the proper funeral expenses for deceased, $163.70. There is no evidence that any other fund ever came to his hands, or that the securities bore interest, or that any interest was in fact received by the trustee. The stipulation furnished no basis for finding any other sum than that which the court decreed.

"It is also claimed that the allowance, out of the fund, of solicitors' fees is error, and that the record does not show that evidence was heard as to the value of the services rendered, and also that such taking is a diversion of the fund and works a forfeiture. A trust may be lawfully required to bear the necessary expenses of its own preservation. The claim to this fund set up and pressed by appellant made the services of solicitors necessary to the preservation of any part of it to its proper use, and the allowance of reasonable solicitors' fees, to be paid out of the fund, under such circumstances is neither error nor a diversion of the fund. True, we do not find in the record the testimony of any witnesses upon the value of the services of the solicitors; but appellant's objection, as we understand it, goes to the right to make the allowance of any sum for such services and to take the same out of the fund, and not especially to the amount allowed and taken. We do not understand that it is claimed the amount allowed is excessive.

"The objections urged to the provisions in the decree concerning the bond to be executed by Chamberlain, Morris and Wilson, as Endowment Fund Commissioners of McKendree College, are to our minds without force.

"We agree with the learned chancellor who tried the cause and rendered the decree in the circuit court."

We have carefully considered the record herein, and the briefs and argument of counsel, and are of the opinion that the Appellate Court reached the correct conclusion in the cause. Nor does it seem necessary we should add anything to the opinion rendered by that court. It is, however, urged by counsel for appellant that the assignments of error in the Appellate Court raised for review in that court the question whether the amount decreed to be paid out of the fund for solicitors' fees was supported by the evidence. We think the assignments of error in that court were broad enough to authorize

counsel for appellant to present and urge the insufficiency of or the lack of evidence to justify an award in the amount decreed to be paid out of the trust fund for solicitors' fees, but it was necessary, in order to avoid a waiver of such assignments of error, counsel should present the subject matter of the assignment to the Appellate Court in his brief. This, counsel for appellant, in effect, admits, in his brief filed in this court, was not done, and urges that an argument "that the amount decreed to be paid to the solicitor was excessive ought not to be expected to be made, and could not be made, when there is no evidence at all in the record as to the reasonable value of the services of the solicitor in the case." If counsel (as was the course pursued in this case in the Appellate Court) confine their objections and argument in their brief to the question of the right of an adversary to have a solicitor's fee taxed, and do not complain of the amount allowed for such fee, the Appellate Court would be justified in determining the question of right, and in assuming there was no objection as to the amount. In such state of case it is not the duty of the Appellate Court, of its own motion, to raise the question whether the court acted upon sufficient evidence, or to enter upon an investigation of the record to ascertain whether the testimony warranted the allowance of the amount of the fee. "Where errors are assigned in the Appellate Court which would cover supposed erroneous rulings of the trial court, and such errors are not argued nor the particular attention of the Appellate Court called to them, they will be held to have been waived and abandoned, and cannot be revived and raised in this court for the first time.—*Strodtmann* v. *County of Menard*, 158 Ill. 155." *Sutter* v. *Rose*, 169 Ill. 66.

The opinion of the Appellate Court is adopted as the opinion of this court, and its judgment is affirmed.

*Judgment affirmed.*