People of the State of Illinois ex rel. Edward J. Barrett, Appellant, v. Fon du Lac State Bank, Appellant.

Federal Deposit Insurance Corporation, Appellee, v. Charles H. Albers, Receiver of Fon du Lac State Bank, Appellant.

Gen. No. 9,240.

Opinion filed February 25, 1941. Rehearing denied April 1, 1941.

GEORGE Z. BARNES and JOHN E. DOUGHERTY, both of Peoria, for appellant.

QUINN, QUINN & O'HERN, of Peoria, for appellee; JAY J. ALLOY, of Peoria, and CHARLES V. O'HERN, JR., of counsel.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

On September 11, 1939, the circuit court of Tazewell county, Illinois, entered certain decretal orders in the case of *People ex rel. Barrett v. Fon Du Lac State Bank,* a corporation, then in course of liquidation under provisions of the Illinois Banking Act through Charles H. Albers, the auditor's receiver, which orders directed the receiver to pay the respective sums of $1,000 and $1,185.25 to the Federal Deposit Insurance Corporation to reimburse the latter for payments

alleged to be due or to have been made for attorney and solicitor fees incurred in resisting the claims of certain other creditors to subrogation and preferential payment from the funds in the hands of said receiver, arising from the liquidation of the assets of said Fon Du Lac State Bank. The appellant receiver filed a motion to set aside the above orders on the ground that the court lacked jurisdiction to enter the same, which motion was denied and the appeal herein then followed.

It appears from the evidence that the Fon Du Lac State Bank had operated with capital stock of $50,000 and $5,000 surplus before it became insolvent and its assets were taken over for liquidation by the auditor's receiver. In the course of such liquidation, one of the creditors, Margaret H. Arnold, a township school treasurer, who had deposited school funds in said bank in the amount of $74,778.59, had sought the recovery thereof out of the liquidated assets as a preferred claim. Warren Sutliff, the president, and other officials of said bank had executed a bond personally obligating themselves to assume payment of the amount of all liability on excess deposits over the statutory limit of 75 per cent of the capital stock and surplus of said bank. The school treasurer recovered and received from the bondsmen in a suit on said bond the sum of $30,200, and said bondsmen then filed claim for payment and recovery from the receiver, as alleged subrogees of said school treasurer, the amount of all dividends found payable to her as an alleged preferred creditor. The alleged claim of the school treasurer as a preferred creditor was successfully resisted in the circuit court by the auditor's receiver, and the Federal Deposit Insurance Corporation, which latter corporation had first paid to the insured depositors the balances respectively due them and then intervened in the suit by leave of the trial court and thereby joined the auditor's receiver in opposing said claim for preference by the school treasurer.

It further appears that the claim of Warren Sutliff and the sureties as subrogees for any dividends which might otherwise have been payable to the township school treasurer was likewise resisted by the auditor's receiver and by the Federal Deposit Insurance Corporation, as a voluntary intervenor, and was defeated in the trial court, and upon appeal from that decree to this court, such decree was affirmed. This case was reported as *People ex rel. Barrett v. Fon Du Lac State Bank*, 295 Ill. App. 71, 14 N. E. (2d) 686, wherein a petition for leave to appeal to the Supreme Court was later denied.

Subsequently, the claims for the allowance of such solicitors' fees were filed by the intervening Federal Deposit Insurance Corporation and allowed by the trial court for the services performed by its counsel in said litigation, which services were supplementary to those of counsel for the auditor's receiver in successfully resisting said claims. Appellant receiver alleges error in entering the decretal orders allowing and directing payment by the auditor's receiver from the bank assets of said solicitors' fees to the Federal Deposit Insurance Corporation and in denying the receiver's motion to set the same aside.

It is conceded that the successful resistance to the allowance of said claims as subrogees or preferred creditors increased the funds available to the common creditors of the Fon Du Lac State Bank, so in course of liquidation by the auditor's receiver, but that no contract of employment or for payment for any solicitors' services was entered into by the intervening Federal Deposit Insurance Corporation with the auditor or receiver, and no claim therefor was exhibited or filed with the auditor, but was allowed by the chancellor with costs in the pending equitable proceedings.

It is provided by sec. 11, ch. 16½, of the Banking Act, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 10.11], concerning the allowance of certain receivership ex-

penses and attorney fees by the auditor of public accounts and payable out of the assets of the bank, as follows: ". . . All expenses of such receivership, including reasonable receiver's, solicitor's and Attorney's fees, approved by the Auditor of Public Accounts, shall be paid out of the assets of such bank; and all expenses of any preliminary or other examinations into the condition of any such bank or receivership, and all expenses incident and in connection with the possession and control of any banking house, furniture and fixtures, books, records and assets of every description of such bank by the Auditor for the purpose of reorganization or liquidation through receivership, shall be paid out of the assets by such bank.''

Reimbursement sought by appellee herein was not for receiver's attorneys' fees or expenses, but for counsel fees incurred and expended by appellee, who had intervened and rendered such services and aid in successful preservation of the common fund in an equitable proceeding at issue before the court in which the chancellor was acting with full and undisputed jurisdiction of both the parties and the subject matter then in controversy and duly submitted to said court for its adjudication. We do not deem the above-quoted portion of section 11 of the Banking Act cited and relied upon by appellant to be controlling and conclusive as to the jurisdictional powers of a court of equity under the facts and circumstances involved in this case.

That a court of equity may in the exercise of its sound discretion reimburse a litigant for reasonable counsel fees expended in aiding to preserve a common fund has been frequently held by the courts of this and other States. *Trustees v. Greenough,* 105 U. S. 527, 26 L. Ed. 1157; *Sprague v. Ticonic Nat. Bank,* 307 U. S. 161, 59 S. Ct. 777; *First Nat. Bank v. LaSalle-Wacker Bldg. Corp.,* 280 Ill. App. 188; *People ex rel. Barrett v. Halsted Street State Bank,* 295 Ill. App. 193, 14

N. E. (2d) 872; *Schwind v. Forester,* 289 Ill. App. 172, 6 N. E. (2d) 898.

We deem the applicable rule to be that a court of equity in the exercise of its sound discretion may order an allowance of reasonable solicitors' fees to a party who, at his expense, has maintained a successful suit for the preservation, protection or increase of the common fund or of common property or thereby aided in preserving or bringing into court at his expense a fund which others may share with him. We do not deem the case of *Henke v. Gunzenhauser,* 195 Ill. 130, 62 N. E. 896, concerning the payment of attorney fees in a foreclosure proceeding based upon contracts to be applicable to the facts herein nor at variance with the well-established equitable rule which we have recognized. *First Nat. Bank v. LaSalle-Wacker Bldg. Corp., supra.* We find nothing in the provisions of section 11 of the Banking Act nor in the opinions in *People ex rel. Palmer v. Niehaus,* 356 Ill. 104, 190 N. E. 349; *People ex rel. Barrett v. Shurtleff,* 353 Ill. 248, 187 N. E. 271, and *People ex rel. Barrett v. West Side Trust & Savings Bank of Chicago,* 362 Ill. 607, 1 N. E. (2d) 81, cited by both parties to be in conflict with the above rule or its application under the facts herein.

This equitable power of allowing counsel fees incurred by the intervenor should always be exercised by the court with caution and with sound discretion in order that no unnecessary costs or expenses should be permitted to deplete the common fund from which the same is payable and should be exercised only when such services have materially aided in the protection of such common fund. In the instant case, it was expressly found and decreed by the trial court that the various services enumerated in its decree resulted in denying the respective claims for preference and for subrogation in the trial court and the latter claim upon appeal to this court and upon petition for leave to appeal in the Supreme Court. The chancellor further

found that as a result of such decrees, the receivership trust and general creditors of said Fon Du Lac State Bank were substantially benefited; that the amount paid by the intervening Federal Deposit Insurance Corporation to its counsel was fair and reasonable compensation for the services rendered in such matter and should be borne and repaid by the receivership trust and ordered accordingly. Under these facts and circumstances, we hold that the chancellor below acted within his sound discretionary equitable powers concerning the payment of the costs and solicitors' fees involved in the trial and disposition thereof and that he did not err in the entry of such decrees or in denying appellant's motion to vacate the same.

The equitable°orders and decrees herein appealed from will therefore be affirmed.

*Affirmed.*