Mary S. Bingham, Appellant, v. H. L. Ditzler et al., Appellees.

Gen. No. 42,323.

Opinion filed June 30, 1943.

JOHN J. HEALY, of Chicago, for appellant.

THOMPSON, CHAMBERS & THOMPSON, of Chicago, for certain appellee; LAVERN W. THOMPSON, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This a derivative action instituted by Mary S. Bingham, the plaintiff, as a minority stockholder of The Chicago Roller Company to compel the restoration to the company of moneys unlawfully appropriated by its officers and directors, who refused to take action after demand made.

As a result of the institution and prosecution of the suit, the individual defendants H. L. Ditzler, Millard F. Bingham, Jr. and H. A. Bresemann, officers and directors of the company, have been finally decreed to repay to the defendant, The Chicago Roller Company, the sum of $3,600, which was unlawfully appropriated and paid to H. A. Bresemann as bonuses in the years 1936 and 1937. Further effort is now pending in this cause to secure a return to the company of all or part of commissions paid to the defendant H. L. Ditzler during the years 1936 and 1937 in the amount of $13,997.52. The accounting by Ditzler has already been finally decreed and the matter is now pending on reference before one of the masters in chancery of the superior court.

An agreed record was filed in the trial court and there is no dispute between the parties either on the facts or on the pleadings. The original case was heard on appeal before this court where the decree of the chancellor was affirmed. *Bingham v. Ditzler,* 309 Ill. App. 581.

Leave to appeal was denied in the Supreme Court.

On the present record, as it is called to our attention in the briefs, a single question of law arises, as to whether or not in a minority stockholder suit a plaintiff is entitled to be paid out of the recovery her reasonable attorneys' fees where she has successfully compelled the restoration to the corporation of moneys unlawfully appropriated by its officers and directors.

In her original and supplemental complaints plaintiff prayed for an allowance of her attorneys' fees. The

chancellor found and decreed as a matter of law that the plaintiff was not entitled to recover attorneys' fees, and by his decree of April 13, 1942 denied the right of plaintiff to prove and have such fee allowed.

At the same time the chancellor denied plaintiff's motion to retain jurisdiction and defer all action on the question of attorneys' fees until after he had finally decided the accounting question which was that day referred to one of the masters in chancery of the court.

The plaintiff's theory is (a) that the moneys which she seeks to recover for the defendant company were trust funds held by its officers and directors for the benefit and use of the company and its stockholders; (b) that the officers and directors of the company having refused to take action to recover for the company moneys unlawfully appropriated, it thereby became necessary and proper for the plaintiff to undergo the expense of employing counsel to enforce restoration of the money unlawfully appropriated for which expense she is entitled to be reimbursed; and (c) that the present case falls within the exception to the general rule that fees and costs will not be awarded unless authorized by contract or statute.

Defendant's theory upon these questions involved is (a) that a court of equity is without power to allow attorneys' fees to the plaintiff unless the right to do so is authorized by contract or statute; and (b) that since there is no contractual relation between the parties and no statute authorizing the allowance of fees the court is without power to make such allowance.

Upon the questions that are before this court the plaintiff calls to our attention the fact that the subject matter of the present controversy is a trust fund committed to the care of the individual defendants as trustees for the benefit of the corporation and its stockholders. The plaintiff cites in support of her contention on this point that it is finally and conclusively set at rest in this case by the decision of this court on the

former appeal. *Bingham v. Ditzler,* 309 Ill. App. 581, in which at page 597 this court said:

"The directors of a corporation are trustees of its business and property for the collective body of stockholders . . . . They are subject to the general rule in regard to trusts and trustees."

In support of the above excerpt from the court's opinion plaintiff has cited a number of other Illinois cases where the same rule is laid down.

Plaintiff's next contention which is directed to the court's attention is that it should also be kept clearly in mind that in a derivative action such as the one at bar the minority stockholder institutes the action simply in order to set in motion the judicial proceedings so as to accord to the injured corporation the relief to which it is entitled. And it is contended that thereafter the suit is not different from one brought by the corporation itself, and it is axiomatic that if the suit were brought directly by the corporation all the attendant expenses, including attorneys' fees, would necessarily be borne by the corporation. It is further suggested that likewise here the burden of the expense should properly be borne by the recipient of the final and favorable outcome of the suit.

Our attention is called to the rule laid down in Pomeroy's Equity Jurisprudence, 3d Ed., sec. 1095, where it is said:

"The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action is *his,* or because he is entitled to the relief sought; he is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court.* The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the

benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder-plaintiff. The corporation is, therefore, an indispensably *necessary* party, not simply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree.''

This rule is amply supported by the opinion of this court in *Bingham v. Ditzler,* 309 Ill. App. 581.

It is urged that there is no good reason why the defendant, The Chicago Roller Company, should not bear the expenses of the present proceeding, in view of the fact that it is the recipient of its favorable outcome, and that otherwise minority stockholders would be effectively discouraged and deterred from instituting actions against controlling directors and officers where, as here, they appropriated the funds of the corporation to their own improper use.

It appears that this plaintiff has not only been put to the expense of a long contested hearing before the master and the court but she has also been compelled to follow successive appeals to this and the Supreme Court, and it is argued that to turn her now from the doors of a court of equity without reimbursing her for her attorney and other expenses would be inequitable and unjust.

On the other hand, the defendant contends that there are no trust funds involved and points to the fact that the plaintiff requests at the beginning of her argument that it be clearly borne in mind that the subject matter of the present controversy is a trust fund committed to the care of the individual defendants as trustees, and claims that that particular question is finally and conclusively set at rest by the previous decision in this case.

Defendant calls attention to the fact that the decree of May 20, 1940 entered a final and conclusive judgment against the defendants, H. L. Ditzler, H. A. Bresemann and M. F. Bingham, Jr. and in favor of The Chicago Roller Company for the sum of $3,600 and also directed that the amount, if any, found due on the accounting should likewise be paid to the company; that the so-called "trust fund" thereby becomes part of the general assets of The Chicago Roller Company, and therefore contends that it constitutes "trust funds" to the same extent as any other assets of The Chicago Roller Company and no farther.

It is further contended by the defendant that it was evident that neither the court nor the plaintiff had any idea that they were dealing with a trust fund, citing from *Bingham v. Ditzler,* 309 Ill. App. 581, at page 595 where this court said:

". . . It is apparent from the citations that are before us that the action that is here on appeal was properly instituted by the plaintiff, and, from the relief granted by the decree, the moneys are to be paid to the corporation and not to the plaintiff."

and later said:

". . . It is well stated by the plaintiff that a conclusive answer to this fallacious contention [that the plaintiff was seeking to destroy The Chicago Roller Company] is found in the undisputed fact that the sole purpose of the present suit is to secure a return to the treasury of the company of a substantial sum of money which has been diverted and improperly expended. The return of such money will necessarily be beneficial and in no wise injurious."

It is further stated by the defendant that the proposition that all funds of a corporation are, generally speaking, trust funds, to be administered by the di-

rectors for the benefit of the stockholders, will of course be conceded but it does not follow that such funds are subject to administration by a court to the same extent as the assets of an express trust or even of a resulting trust and no cases which have been cited by the plaintiff establish that proposition.

It is then further contended that the plaintiff has no interest in the amount recovered and that the amount of the recovery in a minority stockholders' suit is easily distinguished from cases in the nature of those establishing a resulting trust or the rights of numerous bondholders in their common interest in the property secured by the mortgage; that in the cases of *Voorhees v. Mason,* 245 Ill. 256, and *Chicago Macaroni Mfg. Co. v. Boggiano,* 202 Ill. 312, decrees were reversed in minority stockholders' suits for decreeing payment direct to the minority stockholders for their proportionate share of the recovery in place of decreeing the payment direct to the corporation and this principle was also affirmed in the previous appeal in the case at bar. It is also contended that the reason that might be assigned for distinguishing minority stockholders' cases like the one at bar from bond issue reorganization cases and those of that character is found in the fact that in the board of directors, of the company there already exists an administrative agency legally qualified and exclusively entitled to manage the assets of the corporation. *Corbus v. Alaska Treadwell Gold Min. Co.,* 187 U. S. 455, is cited, where the court said:

"The directors represent all the stockholders and are presumed to act honestly and according to their best judgment for the interest of all. Their judgment as to any matter lawfully confided to their discretion may not lightly be challenged by any stockholder or at his instance submitted for review to a court of equity. . . . It is not a trifling thing for a stockholder to attempt to coerce the directors of a corporation to an

act which their judgment does not approve, or to substitute his judgment for theirs.''

Defendant avers that judgment against any of the defendants personally for attorneys' fees would be improper.

The plaintiff suggests and calls to our attention that this question of the recovery of necessary expense and disbursements, including attorneys' fees, has never been passed on in this court or in the Supreme Court of Illinois, but that the fundamental and controlling legal principle has been frequently recognized in this State.

The question of a stockholder's right to recover attorneys' fees has been passed upon many times in other jurisdictions and the general rule is clearly and tersely announced in vol. 13, Fletcher Cyclopedia on Corporations, sec. 6045, page 363, where the author says:

''The general rule is that if the plaintiff in a stockholders' suit is successful and the benefit goes to the corporation, he is entitled to recover his necessary expenses and disbursements, including an attorney's fee.''

Approval of the above rule is found in many jurisdictions where the question has arisen. In support of this contention are the cases of *McCourt v. Singers-Bigger,* 145 Fed. 103; *Graham v. Dubuque Specialty Mach. Works,* 138 Iowa 456, 114 N. W. 619; *Beaudette v. Graham,* 267 Mass. 7, 165 N. E. 671; and *Davis v. Gemmell,* 73 Md. 530, 21 Atl. 712. The case of *Merle v. Beifeld,* 275 Ill. 594 involved the question now under consideration, and while it only established the law of the particular case it shows that the trial court found the law to be as plaintiff here contends. There a minority stockholder successfully sought and recovered for the corporation money improperly appropriated and claimed the right to be paid his expenses and at-

torney's fees. The trial court allowed an attorney's fee. Upon appeal the Supreme Court affirmed the decree but refused to consider the right to recover an attorney's fee for the reason that error was not properly assigned on that question.

In view of the unanimity of opinion in other jurisdictions and the rule of law laid down in cases cited in our opinion there is no good reason upon which to base a refusal to allow attorney's fees in this case.

Assuming now the right of the plaintiff to her attorney's fees, it is self-evident that until the accounting question is disposed of neither the court nor plaintiff will be in a position to decide and determine the value of the services rendered. If the final recovery is not greater than $3,600, the amount now fixed by final decree, the value of the services will necessarily be in proportion to that sum. But on the other hand if on the final accounting the recovery shall be for a much larger sum, then it follows that a larger fee will be allowed. For the reasons stated the court's final action should not take place until the court is in a position to know how much has been recovered and how much service has been given by plaintiff's attorney in prosecuting the suit to a final conclusion.

In applying the principle as to the right of the plaintiff to her attorney's fees it is well to keep in mind that the subject matter of the present controversy is a fund held in trust by the officers and directors of The Chicago Roller Company for its stockholders, then the principle will be found to be in complete harmony with all the adjudicated cases. One of the cases on the question is *Trustees of Internal Improv. Fund v. Greenough,* 105 U. S. 527, where the court said upon the question we have before this court:

"It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority that where one of many parties having a common interest in a trust fund,

at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts.''

Following the opinion in *Trustees of Internal Improv. Fund v. Greenough,* 105 U. S. 527, the decision of this court in the case of *Stahl v. Stahl,* 166 Ill. App. 236, establishes the right of the plaintiff to recover attorney's fees. Certiorari was denied in that case by the Supreme Court. Upon the question this court said:

''Appellants contend that the court erred in allowing solicitor's fees to be paid Morse Ives out of the proceeds of the sale of the trust estate . . . the contest being only as to whether or not any compensation is permissible out of the proceeds of the sale for Ives' services in establishing and preserving the trust estate . . . . The premises were claimed by Frank A. Stahl and John Stahl, and their assertion of title to it made the services of attorneys necessary to secure an adjudication that it was in fact a trust estate; such adjudication having been made, there should be an allowance of reasonable solicitor's fees to be paid out of the fund, and before it is divided among those entitled to it. *Abend v. Endowment Fund Commission,* 174 Ill. 96; *Chick v. Northwestern Shoe Co.* 118 Fed. 933; *White v. University Land Co.,* 49 Mo. App. 450; *Trustees v. Greenough,* 105 U. S. 527.''

The case of *First National Bank v. LaSalle-Wacker Bldg. Corp.,* 280 Ill. App. 188, supports the position of this court in the conclusion that was reached in the *Stahl* case. That case was a foreclosure proceeding which involved a plan of reorganization. Certain of the bondholders intervened and submitted a plan which the court adopted and found to be more favorable to the holders of the bonds than was the plan submitted by the complainants. For their attorneys' services in

proposing and securing approval of the more favorable plan which resulted in greater benefit to all the bondholders, they claimed the right to be reimbursed for their expenses and attorneys' fees, which claims were allowed in substantial amounts. On appeal this court speaking through Mr. Justice O'Connor said in the opinion that was filed:

"We think the rule is firmly established that a court of equity . . . will in its discretion order an allowance of solicitor's fees to a party who, at his own expense, has maintained a successful suit for the preservation, protection or increase of the common fund or of common property, or who has created at his own expense or brought into court, a fund in which others may share with him." (Citing many cases, among which are *Trustees v. Greenough*, 105 U. S. 527, *Stahl v. Stahl*, 166 Ill. App. 236, and *Abend v. Endowment Fund Commission*, 174 Ill. 96, herein referred to.)

The case of *Abend v. Endowment Fund Commission*, last above cited, supports the decisions of this court. The court there said:

"It is also claimed that the allowance, out of the fund, of solicitors' fees is error . . . . A trust may be lawfully required to bear the necessary expenses of its own preservation. The claim to this fund set up and pressed by appellant made the services of solicitors necessary to the preservation of any part of it to its proper use, and the allowance of reasonable solicitors' fees, to be paid out of the fund, under such circumstances is neither error nor a diversion of the fund."

See also *People ex rel. Barrett v. Fond du Lac State Bank*, 309 Ill. App. 139.

In our opinion the decree should be, and it is hereby reversed and remanded with directions to the trial court to retain jurisdiction of the question until after the court has passed upon the accounting, and with

directions that the court then decide and determine the reasonable value of plaintiff's attorney's fees and make allowance therefor of and from all moneys thereafter received by the defendant The Chicago Roller Company as a result of the institution and prosecution of this cause.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.