Lewis Elliott and Ruth Elliott, Appellees and Cross-Appellants, v. Richard C. Nordlof, et al., Cross-Appellees, City of Rockford, a Municipal Corporation, Appellant.

Gen. No. 66–47.

Second District.

June 5, 1967.

Rehearing denied July 20, 1967.

John W. Nielsen, of Rockford, for appellant.

Reese, Schlueter, Ecklund & Nissen, and Reno, Zahm, Folgate and Skolrood, of Rockford, for appellant.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

In July of 1964 the plaintiffs, Lewis Elliott and Ruth Elliott, brought an action against Richard C. Nordlof and Gunvor A. Nordlof, developers of Nordlof Subdivision in the City of Rockford, Illinois, and certain other persons who had purchased lots and constructed homes thereon, praying for damages and seeking injunctive relief for diversion of surface waters in the subdivision. They alleged that the construction of a street provided a drainage way for collecting surface waters that normally did not discharge or flow onto plaintiffs' property, resulting in diversion. Subsequently, the City of Rockford was made a party defendant in Count II of the complaint.

A summary judgment for the defendants, other than the City of Rockford, was granted. From the record it appears that this was bottomed on the principle that the acceptance of the Subdivision Plat by the City of Rockford relieved the other defendants of all liability. The thrust of the argument to the court on Count I of the plaintiffs' complaint against all of the individual defendants was for injunctive relief to correct the existing condition. In this light, we can well understand the trial court's dismissal of Count I of the complaint. The City had approved the plat in December of 1962. It was recorded in January of 1963 and accepted for maintenance by the City in July of 1964.

Section 3 of an Act in relation to Plats, (Ill Rev Stats 1965, c 109, par 3) provides that upon acknowledgment and recordation, a plat shall be held in law and in equity to be a conveyance in fee simple of such portion of the land in question as is granted to the public. When the plat was recorded, the City then had exclusive control

of the streets and surface water drains and any injunctive relief granted by the trial court against defendants, other than the City, would have been meaningless and of no avail. We concur with the trial court that Count I of the complaint seeking injunctive relief should have been dismissed.

In addition to the injunctive relief the complaint sought damages. The allegations pertaining to the owners who subsequently acquired lots and built homes merely charged the utilization of the drains, curbs and sewers provided by the developer. No complaint is made that these lot owners had participated in any way in the construction of the streets, drains or tiles which changed the flow of the surface water. We conclude this portion of the complaint did not state a cause of action against the subsequent lot owners for damages and was properly dismissed.

From the record it appears that the dismissal of the Nordlofs was founded on the sole ground that the acceptance by the City of the subdivision relieved the developers from any liability for damages occurring from faulty drains, either past, present or future. Authorities cited for this are not in point. They relate solely to the responsibility of a municipality after accepting a subdivision plat. Counsel advise they have no cases in point, nor are we aware of any. It is our opinion, however, that a developer or subdivider engineering streets and surface water drainage systems should not be relieved from damages caused by a diversion of surface water by the acceptance of a plat by a municipality. We feel that the trial court erred in dismissing Count I of the cause of action on the question of damages as to the Nordlofs.

During the pendency of the summary judgment proceeding, plaintiffs were permitted to amend the complaint by adding Count II wherein the City of Rockford was a party defendant. The additional count alleged that the street and storm water sewers diverted surface water

from lands, which in the ordinary course of nature would not come upon the plaintiffs' lands, thereby causing damage. The plaintiffs also sought injunctive relief. The answer of the City denied the diversion and on the trial of this issue the court found for the plaintiffs assessing damages against the City in the sum of $1500 but denied the injunctive relief. The City appealed and the plaintiffs cross appealed from the trial court's order granting summary judgment dismissing the individual defendants. Since the plaintiffs did not appeal the denial of the injunctive relief, the question is not before us.

The parties are in agreement that Illinois has long followed the Civil Law Rule which states basically that surface waters must be allowed to flow naturally from dominant tracts to the adjoining servient tracts. Mello v. Lepisto, 77 Ill App2d 399, 401, 222 NE2d 543.

The diversion of surface water appears from the record to be the only issue heard by the trial court and the contention of the City that the damages complained of all occurred prior to the acceptance by the City of maintenance in July of 1964 cannot be raised for the first time in the reviewing court. The theory, upon which a case is tried in a lower court, cannot be changed on appeal; and an issue not presented to, or considered by the trial court, cannot be raised for the first time on review. McMillen v. Rydbom, 56 Ill App2d 14, 28, 205 NE2d 813.

The trial court found diversion. There is evidence to support this conclusion, namely: the quantity of water flowing before and after the installation of the street and drain; exhibits indicating construction of homes on the downhill side of the street raising the grade to cause driveway and roof discharge to flow to the street, and the contours of the street itself. A finding of fact made by the trial court without a jury is entitled to great weight. We cannot say an opposite conclusion is clearly evident, or that the determination is palpably

erroneous, and hence this portion of the judgment is not against the manifest weight of the evidence. It is not our province to substitute our judgment for that of the trier of the facts. Peet v. Dolese & Shepard Co., 41 Ill App2d 358, 369, 190 NE2d 613.

■ We therefore find that the trial court erred in dismissing Count I of the complaint as to the defendants, Richard C. Nordlof and Gunvor A. Nordlof, insofar as it related to the question of damages. We affirm the trial court in dismissing Count I as to all defendants therein, other than the Nordlofs, and in dismissing said Count as to the Nordlofs with reference to injunctive relief. We affirm the trial court judgment against the City for damages under Count II.

Reversed and remanded in part, affirmed in part.

DAVIS, P. J. and SEIDENFELD, J., concur.