HALLMARK PERSONNEL, INC., Plaintiff-Appellant, *v.* PICKENS-KANE MOVING & STORAGE CO., Defendant-Appellee.

First District (5th Division)   No. 79-43

Opinion filed February 1, 1980.

Alan Kawitt, of Chicago, for appellant.

Edward T. Joyce and Mary Anne Spellman, both of Edward T. Joyce, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from the grant of defendant's section 72 petition to vacate a default judgment. The issues presented are whether the affidavit of defendant's attorney in support of the petition was sufficient and whether the trial court improperly assessed certain witness and attorney's fees against plaintiff.

Plaintiff, an employment agency, filed a complaint on October 7, 1977, alleging that it obtained an employee for defendant, which did not pay the agreed standard fee for this service. The record discloses that although defendant filed its appearance on November 3, plaintiff obtained an order of default on the return date of November 4 for want of an appearance. Defendant then filed its answer on November 15 and, on November 28, on motion of plaintiff, an order was entered setting the matter for prove-up on January 20, 1978. On that date, when defendant did not appear, a default judgment was entered against it. On March 15, defendant filed the instant petition to vacate the default judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), asserting that on November 3 it filed an appearance; that on November 15 it filed an answer to plaintiff's complaint in which it set forth a meritorious defense; that on March 3, 1978, it received a letter from plaintiff stating that a default judgment had been entered on January 20; that this letter was its first knowledge of the judgment; that no card or other information concerning notice of the judgment had been given it; and that it had not been given notice of the January 20 prove-up date. The petition was signed and sworn to by defendant's attorney, "based on information and belief."

Plaintiff's answer to the petition stated that defendant was not diligent because it did not "either check the court file or the return date book"; that a party in default was not entitled to notice; and that a meritorious defense was not set forth. After a hearing, the section 72 petition was granted on April 7 and the matter was set for trial on June 5, 1978, marked final. The record then discloses that on May 5, plaintiff filed, without obtaining leave of court, an amendment to its answer—asserting that the affidavit supporting defendant's petition was "not signed by a party having personal knowledge and, therefore, is based upon Hearsay." Plaintiff also filed a motion for rehearing of the order granting the petition.

On June 1, defendant served notice on plaintiff to produce certain documents on the June 5 trial date, pursuant to Supreme Court Rule 237(b). (Ill. Rev. Stat. 1977, ch. 110A, par. 237(b).) On June 5, defendant appeared for trial with two witnesses, but plaintiff requested a continuance. The court, in granting the request, assessed witness fees against plaintiff in the amount of $25 for each of the two witnesses. On

June 19, plaintiff moved for reconsideration of the order assessing witness fees, and this motion, together with its pending motion to reconsider the grant of the section 72 petition, were then set for hearing on October 4, 1978.

When plaintiff failed to appear on that date to argue these motions, an order was entered striking them and assessing attorney's fees against plaintiff in the amount of $75. Defendant filed a notice of appeal on November 2, 1978, from the April 7 order granting the section 72 petition, the order of June 5 assessing witness fees, and the order of October 4 denying motions and assessing attorney's fees.

OPINION

We initially note a possible jurisdictional question. The order granting the section 72 petition (an appealable order) was entered on April 7, 1978, and within 30 days a motion to reconsider was filed, which was denied October 4, 1978; thereafter, a notice of appeal was filed on October 2 as to the April 7 order. Two recent decisions have considered the question as to whether such a motion extends the time to file a notice of appeal. In *Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877, the court, relying on *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, found that a motion to reconsider an order granting or denying a section 72 petition does not extend the time for filing a notice of appeal and, because it was not filed within 30 days, the appeal was dismissed. Subsequently, in *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972, the court considered the holding in *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, to be unpersuasive and found that a motion to vacate an order granting a section 72 petition extended the time for filing the notice of appeal.

However, since notice of appeal was timely as to the award of attorney's fees and because our review of the record discloses that the trial court properly granted the section 72 petition, we will not attempt to reconcile the difference of opinion stated above. Concerning the section 72 petition, plaintiff first states that it should not have been granted because defendant's lack of knowledge of the prove-up date was due to "its own carelessness in neither responding to summons nor following the call." However, having determined that defendant did in fact file an appearance on November 3, the day prior to the return date, plaintiff informed this court on oral argument that he has abandoned this contention.

Plaintiff has also contended that the section 72 petition should not have been granted, because the supporting affidavit of defendant's attorney was insufficient as a matter of law in that it was sworn to only "on

information and belief" rather than on "personal knowledge." However, as defendant points out and the record discloses, this contention was not raised before the order granting the petition, but was filed thereafter without obtaining leave of court.

■■ ■ An amendment to a pleading which was filed in the trial court without obtaining leave to do so must be disregarded on review. (*Johnson v. Wright* (1921), 221 Ill. App. 6.) As stated in *Reinhardt v. Security Insurance Co.* (1936), 287 Ill. App. 320, 322, 4 N.E.2d 883, 884:

> "Plaintiff did not have the right to file an amended pleading without first obtaining leave of court and failure to obtain such permission is grounds for striking such amendment. [Citations.]"

In the light thereof, we will disregard the "amendment to answer" because it was filed without leave of court and, in view thereof, the contention of plaintiff that the supporting affidavit was insufficient as a matter of law will be considered as having been raised for the first time on appeal and rejected for that reason. See *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831; *Elliott v. Nordlof* (1967), 83 Ill. App. 2d 279, 227 N.E.2d 547.

■■ In any event, the contention of plaintiff is without merit as we believe the reasoning in *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116, is controlling. There, after a dismissal for want of prosecution, a section 72 petition to vacate was filed. The petition was supported by the affidavit of plaintiff's attorney, stating that after plaintiff's original counsel had withdrawn from the case, plaintiff had approached him (affiant) to represent her; that she was told he would not be able to do so but would assist in her investigation; that he thus did not file an appearance on her behalf; that after initially meeting with her, he had tried unsuccessfully for many months to contact her; that eventually she telephoned him and stated that she had been ill; and that she expressed surprise to learn that he had not agreed to represent her. The trial court granted the petition and, on appeal, defendant argued that it should have been denied since the supporting affidavit did not state that the allegations were made upon the personal knowledge of the affiant-attorney. This court affirmed, stating:

> "[T]he affidavit was not pure hearsay but did set forth facts within affiant's personal knowledge, in particular, his prior refusal to represent plaintiff and his unsuccessful efforts to contact her as to the progress of the case. Therefore, defendant's contention must fail." (31 Ill. App. 3d 870, 876, 335 N.E.2d 116, 121.)

The cases cited by plaintiff (*Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187 and *Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 317 N.E.2d 596) are inapposite, as they both concern affidavits by attorneys concerning matter not within the personal knowledge of those attorneys. In the instant case, not only did the

affidavit concern matter within the personal knowledge of the affiant, but he also filed an amended affidavit so stating. We conclude that the affidavit here was legally sufficient.

■ Plaintiff next argues that the trial court erred in assessing attorney's and witness fees against it. Defendant initially responds by arguing that these orders are "not appealable because they are not final orders and do not dispose of all the claims involved in the litigation." We disagree. Since the order granting defendant's section 72 petition is appealable (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774), this case is properly before us, and we are not limited to any specific order but may review the entire record. *Hillmer v. Chicago Bank of Commerce* (1940), 375 Ill. 266, 31 N.E.2d 309; *Feldman v. Illinois State Pawners Association* (1935), 279 Ill. App. 476.

■ We turn then to the merits of plaintiff's contention that witness fees were improperly assessed. As noted above, when plaintiff announced that he was not ready to proceed when the case was called for trial, the court granted a continuance but assessed costs in the amount of $25 for each of defendant's two witnesses. Plaintiff does not contest the reasonableness of those costs, arguing only that the court had no authority to make the assessment. We disagree, as Supreme Court Rule 231(g) (Ill. Rev. Stat. 1977, ch. 110A, par. 231(g)) specifically provides for the taxing of costs under such circumstances as these.

■ Plaintiff also argues that, even if costs were authorized, they should not have been ordered here because plaintiff "acted in good faith to notify Defendant before trial that it would be requesting a continuance." We see no merit in this argument. The assessment of witness fees is a matter of the trial court's discretion (*People ex rel. Illinois State Dental Society v. Iole* (1974), 19 Ill. App. 3d 894, 312 N.E.2d 328; *Lorsch v. Gibralter Mutual Casualty Co.* (1970), 127 Ill. App. 2d 350, 262 N.E.2d 313), and there is nothing in the record here indicating that plaintiff informed or attempted to notify defendant that it would seek a continuance on the June 5 trial date. To the contrary, the affidavit of defendant's attorney states that prior to the trial date, plaintiff's counsel left two telephone messages to the effect that he was in fact ready for trial; and that plaintiff's counsel could not thereafter be reached by telephone. Moreover, the record reveals that on June 1, defendant sent plaintiff a notice to produce certain documents at the trial on June 5, pursuant to Supreme Court Rule 237(b). Thus, four days before the trial date, plaintiff was aware that defendant intended to proceed on the set date, and the record is silent as to any attempt by plaintiff during those four days to inform defendant that he would not be ready for trial. We additionally reject the suggestion

of plaintiff that the assessment should not have been made because neither witness had "out-of-pocket loss." We note that there is no statutory requirement that there be a showing of "out-of-pocket loss." Thus, we see no abuse of discretion in the assessment of the witness fees.

■■ Plaintiff also contends that the trial court was without authority to assess attorney's fees against it for failure to appear on the date set for the hearing of its motions. Generally, there is no right on the part of the successful party to recover attorney's fees absent statutory or contractual authorization (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 343 N.E.2d 479; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 245 N.E.2d 468, *cert. denied* (1969), 396 U.S. 8, 24 L. Ed. 2d 8, 90 S. Ct. 26; *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 335 N.E.2d 172) but, relying on *Ross v. 311 North Central Avenue Building Corp.* (1970), 130 Ill. App. 2d 336, 264 N.E.2d 406, defendant argues that such assessment of attorney's fees is authorized here. In *Ross*, plaintiff brought a class action against a corporation on behalf of its minority shareholders. The trial court found that the directors had acted fraudulently and oppressively against the minority shareholders in the use of surplus funds and granted the requested relief of liquidation and attorney's fees, and this court affirmed. We note, however, that the fees were awarded in *Ross* under an established exception to the general rule whereby a court of equity may, in its discretion, order an allowance of attorney's fees to a party who, at his own expense, has maintained a successful suit for the preservation, protection, or increase of the common fund or common property, or who has created at his own expense or brought into court a fund in which others may share with him. (*Cassidy v. Lehnhausen* (1975), 25 Ill. App. 3d 1049, 324 N.E.2d 236; *Bingham v. Ditzler* (1943), 320 Ill. App. 88, 49 N.E.2d 812; *First National Bank v. LaSalle-Wacker Building Corp.* (1935), 280 Ill. App. 188; 14 Ill. L. & Prac. *Costs* §54 (1968).) Such exception is clearly inapplicable in the case at bar, where there has been no fraudulent or oppressive action and no preservation or creation of a common fund in which other parties may participate.

■■ Defendant also refers us to certain Federal cases (*Taussig v. Wellington Fund, Inc.* (D. Del. 1960), 187 F. Supp. 179, *aff'd* (3d Cir. 1963), 313 F.2d 472, *cert. denied sub nom. Taussig v. Wellington Equity Fund, Inc.* (1963), 374 U.S. 806, 10 L. Ed. 2d 1031, 83 S. Ct. 1695, and *Kahan v. Rosenstiel* (3d Cir. 1970), 424 F.2d 161, *cert. denied sub nom. Glen Alden Corp. v. Kahan* (1970), 398 U.S. 950, 26 L. Ed. 2d 290, 90 S. Ct. 1870) in which attorney's fees were awarded. In those cases, however, the awards were based upon the "common fund" exception involved in *Ross*, and they are therefore inapplicable in the case at bar. Also cited is *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.* (1974), 417 U.S. 116, 40 L. Ed. 2d 703, 94 S. Ct. 2157, where it was

stated "that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (417 U.S. 116, 129, 40 L. Ed. 2d 703, 714, 94 S. Ct. 2157, 2165.) However, we do not believe that the conduct here was of such character, and we conclude that the assessment of attorney's fees against plaintiff was improper.

■■ Moreover, defendant was not inconvenienced by the failure of plaintiff to appear for the hearing on the motions as an order was entered disposing of them in defendant's favor, which was all it could expect had plaintiff been present.

For the reasons stated above, the order granting defendant's section 72 petition is affirmed; the order assessing witness fees against plaintiff is affirmed; the order assessing attorney's fees against plaintiff is reversed; and this cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

LORENZ and MEJDA, JJ., concur.